IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE WAY INTERNATIONAL, et al., : | |
| Plaintiffs, : | |
| | Case No. 3:07cv294 |
| vs. : | |
| | JUDGE WALTER HERBERT RICE |
| EXECUTIVE RISK INDEMNITY, : | |
| INC., et al, : | |
| Defendants. : | |

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION TO REMAND (DOC. #16); DECISION AND ENTRY OVERRULING PLAINTIFFS' SUPPLEMENTAL MOTION TO REMAND (DOC. #18); DECISION AND ENTRY OVERRULING, WITHOUT PREJUDICE, MOTION OF DEFENDANT EXECUTIVE RISK INDEMNITY, INC., TO DISMISS COUNT TWO OF PLAINTIFFS' COMPLAINT (DOC. #7); DECISION AND ENTRY OVERRULING, WITHOUT PREJUDICE, WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT (DOC. #12); DECISION AND ENTRY OVERRULING, WITHOUT PREJUDICE, PLAINTIFFS' MOTION FOR LEAVE TO AMEND (DOC. #26)

---

Plaintiffs initiated this litigation in the Court of Common Pleas for Montgomery County, Ohio. The Defendants removed this lawsuit to this Court, in accordance with 28 U.S.C. §§ 1332 and 1441. See Doc. #1. Section 1441 permits the removal of actions over which District Courts can exercise original subject matter jurisdiction, while District Courts are authorized under § 1332 to

exercise subject matter jurisdiction over suits between citizens of different states.[1]  Of course, diversity jurisdiction can be exercised, only when there is complete diversity of citizenship, i.e., all plaintiffs must be citizens of different states than all defendants.  See Strawbridge v. Curtiss, 3 Cranch (7 U.S.) 267 (1806).  Herein, it is not controverted that the Plaintiffs, Defendant Wells Fargo Insurance Services of Ohio, LLC ("Wells Fargo"), and three entities alleged by Plaintiffs to be Wells Fargo's predecessors (Plaintiffs' Complaint (Doc. #3) at ¶¶ 10-11) are citizens of Ohio.[2]  Nevertheless, the Defendants alleged that this Court can exercise diversity jurisdiction over this litigation, because Wells Fargo was fraudulently joined to defeat diversity, given that the Plaintiffs' Complaint establishes that their claim against that Defendant is barred by the applicable statute of limitations.  See Defendants' Notice of Removal (Doc. #1) at 4-5.

This litigation is now before the Court on the Plaintiffs' Supplemental Motion to Remand (Doc. #18).[3]  Therein, the Plaintiffs argue that complete diversity does not exist, because Wells Fargo was not fraudulently joined.  Other motions are also pending, to wit: Motion of Defendant Executive Risk Indemnity, Inc., to Dismiss Count Two of Plaintiffs' Complaint (Doc. #7); Wells Fargo's Motion for Summary Judgment (Doc. #12); and Plaintiffs' Motion for Leave to Amend (Doc. #26).  As a

---

[1]Of course, the amount in controversy in the lawsuit must exceed $75,000.  Herein, it is not questioned that Plaintiff is seeking to recover more than the jurisdictional minimum.

[2]The predecessors to Wells Fargo, joined by the Plaintiff, are Baldwin & Whitney Insurance Agency, Inc., Acordia of Ohio, LLC and Acordia, Inc.  The Court refers to all entities collectively as "Wells Fargo."

[3]The Court overrules Plaintiffs' Motion to Remand (Doc. #16), as superseded by their supplemental such request.

means of analysis, the Court will initially rule on the Plaintiffs' request that the Court remand this matter.  If this Court concludes that it can exercise subject matter jurisdiction over this litigation, because Wells Fargo was fraudulently joined, it will turn to the other pending motions.  However, if it concludes to the contrary, that Wells Fargo was not fraudulently joined and that, therefore, it cannot exercise such jurisdiction, it will remand this lawsuit, without addressing those motions.

As indicated, the sole issue raised by the Plaintiffs' Supplemental Motion to Remand (Doc. #18) is whether Wells Fargo was fraudulently joined, because Plaintiffs' Complaint demonstrates that the claim against it is barred by the applicable statute of limitations.  In Coyne v. American Tobacco Co., 183 F.3d 488 (6th Cir. 1999), the Sixth Circuit discussed removal jurisdiction and the fraudulent joinder exception to the requirement of complete diversity:

> When reviewing the denial of a motion to remand a case to state court, we first look to determine whether the case was properly removed to federal court.  See Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996).  When an action is removed based on diversity, we must determine whether complete diversity exists at the time of removal.  Indeed, "[d]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."  SHR Ltd. Partnership v. Braun, 888 F.2d 455, 456 (6th Cir. 1989); accord Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267 (1806).  In this regard, a party "seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction."  Layne, 26 F.3d at 41; Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989) (stating that "[t]he party seeking removal bears the burden of establishing its right thereto").
> Moreover, this Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.  See Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994); accord Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (noting that "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity").  To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse

>  defendants under state law.  See Alexander, 13 F.3d at 949.  However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court.  The district court must resolve "all disputed questions of fact and ambiguities in the controlling … state law in favor of the non removing party."  Id.  All doubts as to the propriety of removal are resolved in favor of remand.  See id.

Id. at 492-93.  Therein, the Sixth Circuit concluded that the District Court could exercise removal jurisdiction over that action, on the basis of diversity of citizenship, because the plaintiffs had fraudulently joined non-diverse defendants.  In that litigation, the named plaintiffs sought to recover on behalf of all citizens of Ohio, as well as the state of Ohio, from the national manufacturers of cigarettes, for an alleged "tax burden" injury occurring as a result of Ohio having paid for the health care of Ohioans who became sick from smoking cigarettes.  The plaintiffs also joined a number of local cigarette retailers and wholesalers, who were citizens of Ohio, like the plaintiffs.  The plaintiffs asserted state law claims for failure to warn and negligent sale of cigarettes against the cigarette retailers and wholesalers.  In affirming the decision of the District Court to overrule the plaintiffs' motion to remand, the Sixth Circuit concluded that the retailers and wholesalers had been fraudulently joined, because "there was sufficient evidence for the district court to conclude that Plaintiffs could not have established a cause of action against the non-diverse Defendants under state law."  Id. at 593.  In particular, the Sixth Circuit noted that those defendants could not be held liable for failure to warn, since the plaintiffs had not alleged that they had greater knowledge about the dangers of cigarettes than the general public, and that they could not be held liable for the negligent sale of cigarettes, because of the absence of an allegation that they had falsely advertised their safety.  Id.  See also, Alexander v.

Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994) (noting that a party is fraudulently joined if there is "no reasonable basis for predicting that the state law might impose liability on the facts involved").

In opposing Plaintiffs' Supplemental Motion to Remand, Defendant Executive Risk Indemnity, Inc. ("Executive Risk"), argues that the Wells Fargo was fraudulently joined, because the Plaintiffs' Complaint clearly demonstrates that Plaintiffs' claim against the non-diverse Defendant, Wells Fargo, is barred by the statute of limitations. See Doc. #22.  A number of appellate courts have held that a non-diverse defendant has been fraudulently joined, when the plaintiff's claims against that party are barred by the statute of limitations.  See In re Bricoe, 448 F.3d 201, 219 (3d Cir. 2006) (holding that "[i]f a district court can discern, as a matter of law, that a cause of action is time-barred under state law, it follows that the cause fails to present even a colorable claim against the non-diverse defendant," and that, therefore, the non-diverse defendant was fraudulently joined);[4] LeBlang Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 690 (7th Cir. 1998) (holding that "[i]f the time to bring the cause of action had expired, then the

---

[4]In Bricoe, a putative class action against a diverse drug manufacturer and non-diverse physicians who had prescribed the manufacturer's drugs, the Third Circuit, as indicated, held that the plaintiffs had fraudulently joined the non-diverse physicians, because the claims against them were, as a matter of law, barred by the statute of limitations.  In the course of its decision, the Bricoe court held that its decision was consistent with its previous decisions in Batoff v. State Farm Ins. Co., 977 F.2d 848 (3d Cir. 1992), and Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3d Cir. 1990).  448 F.3d at 219.  Herein, the Plaintiffs argue that the decisions of the Third Circuit in Batoff and Boyer prevent this Court from concluding that Wells Fargo was fraudulently joined, because their claim against it is barred by the applicable statute of limitations.  Given that the Third Circuit indicated that its decision in Bricoe was consistent with Batoff and Boyer, this Court rejects the Plaintiffs' argument in that regard.

district court was correct in dismissing [the non-diverse defendants] as fraudulently joined"); Richey v. Upjohn Drug Co., 139 F.3d 1313 (9th Cir. 1998) (holding that non-diverse hospital and physician had been fraudulently joined to action against drug manufacturer, since the claims against the non-diverse defendants were barred by the applicable statute of limitations and that, therefore, the District Court had properly exercised removal jurisdiction).

      This litigation arises out of the denial of coverage by Executive Risk, under an insurance policy it had issued to Plaintiffs, in an action filed in Tennessee state court, referred to as the Peeler action.[5] Wells Fargo was Plaintiffs' insurance agent, which obtained that policy for them. In their Complaint, the Plaintiffs contend that Wells Fargo is liable to them, under a negligence theory. In particular, they allege that Wells Fargo breached its duty of reasonable care and due diligence, by allowing Executive Risk to deny coverage in the Peeler action, and/or acting in concert with that Defendant to that end. Plaintiffs' Complaint (Doc. #3) at ¶¶ 36-40. The parties are in agreement that the Plaintiffs' claim against Wells Fargo is governed by the four-year statute of limitations set forth in § 2305.09 of the Ohio Revised Code. This litigation was initiated on July 3, 2007, when Plaintiffs filed their Complaint in Montgomery County Common Pleas Court. Therefore, this Court turns to the question of whether Plaintiffs' Complaint demonstrates that their claim against Wells Fargo arose before July 3, 2003.

      Attached to Plaintiffs' Complaint, inter alia, is a copy of a letter sent under date of August 1, 2002, by Carrie Campi, a claims officer for Chubb & Sons, the claims representative for Executive Risk, to counsel for the Plaintiffs, with a copy

---

[5] The Peelers were former members of the Plaintiff organizations.

to the Plaintiffs.  In that letter, she stated that coverage for the Peeler action was denied.  Another attachment to that pleading is a letter, under date of October 3, 2002, from Todd McCullough, another claims examiner for Chubb & Sons, to Plaintiffs' counsel, indicating that he (McCullough) had taken the file from Campi and would "provide a coverage analysis as soon as possible."  In their Complaint, Plaintiffs allege that Executive Risk denied both coverage for and a defense to the Peeler action on November 27, 2002, by correspondence from McCullough.  Doc. #3 at ¶ 22.

Under Ohio law, the statute of limitations on a tort claim does not begin until "there has been an invasion of a legally protected interest." Kunz v. Buckeye Union Ins. Co., 1 Ohio St.3d 79, 81, 437 N.E.2d 1194, 1196 (1982) (internal quotation marks and citation omitted).  When the tort claim is against an insurance agent such as Wells Fargo, the legally protected interest is "in having [insurance] protection when it was needed." Id. at 82, 437 N.E.2d at 1197.  In the context of a lawsuit or claims against an insured by a third-party, Ohio courts have applied Kunz and held the legally protected interest is invaded at the time of the occurrence of the loss which was supposed to be covered. See e.g., Kosa v. Frederick, 136 Ohio App.3d 837, 839, 737 N.E.2d 1071, 1073 (2000).  In Kosa, the court held that the loss occurred when claims were made against the plaintiff and the defendant denied coverage. Id. at 840, 737 N.E.2d at 1173.  Herein, that happened no later that November 27, 2002, when McCullough informed Plaintiffs that Executive Risk would not cover the Peeler action.  Indeed, the Plaintiffs allege that they suffered a substantial monetary loss as a result of the denial of coverage. Plaintiffs' Complaint (Doc. #3) at ¶ 23.

Since this litigation was filed on July 3, 3007, more than four years after the date alleged by Plaintiffs in their Complaint, upon which they contend they suffered a substantial loss as a result of the denial of coverage, the Court concludes that Plaintiffs' Complaint demonstrates, as a matter of law, that their claim against Wells Fargo is barred by the four-year statute of limitations contained in § 2305.09.  Accordingly, Wells Fargo was fraudulently joined as a Defendant herein, meaning that complete diversity exists.  In other words, there was sufficient evidence for this Court "to conclude that Plaintiffs could not have established a cause of action against the non-diverse Defendant[] under state law."  Coyne 183 F.3d at 593.  Therefore, the Court overrules Plaintiffs' Supplemental Motion to Remand (Doc. #18).

Having concluded that it can exercise diversity jurisdiction herein, the Court turns to Executive Risk's Motion to Dismiss Count Two of Plaintiffs' Complaint (Doc. #7), Wells Fargo's Motion for Summary Judgment (Doc. #12) and Plaintiffs' Motion for Leave to Amend (Doc. #26), addressing the last filed motion first.

Therein, Plaintiffs ask that the Court permit them to file an amended Complaint, in order, inter alia, "to allege facts with more specificity."  Doc. #26 at 1.[6]  The Plaintiffs have not, however, tendered a copy of their proposed amended complaint with their motion.  This Court is unwilling to grant leave to a party to amend when it has failed to attach a copy of its proposed amended pleading to its motion or, at least, has explained the content of its proposed amended pleading

---

[6]Since the Plaintiffs have requested that they be granted leave to amend, only if the Court has overruled their request to remand (see Doc. #26 at 1), they cannot have anticipated that the filing of an amended complaint would have had any impact on the question of whether Wells Fargo had been fraudulently joined.

with more detail than "to allege facts with more specificity."  Accord Darby v. United States Dep't of Energy, 2007 WL 1026366, at *4 n. 3 (S.D. Ohio 2007) (denying a motion to amend that did not attach a proposed amended complaint and sought leave only to allege "more specific facts of Plaintiff's case").  Therefore, the Court overrules, without prejudice to renewal within 20 days from date, Plaintiffs' Motion for Leave to Amend (Doc. #26).  If such a motion is filed, the proposed amended complaint must be attached thereto.  That proposed pleading must also be in strict compliance with Rule 11 of the Federal Rules of Civil Procedure, particularly in light of the Court's ruling herein and the other motions pending in this litigation.  If such a motion is filed, it may be briefed thereafter in accordance with S.D. Ohio Civ. R. 7.2(a)(2).

The Court also overrules, without prejudice, Executive Risk's Motion to Dismiss Count Two of Plaintiffs' Complaint (Doc. #7) and Wells Fargo's Motion for Summary Judgment (Doc. #12).[7]  This Court has permitted Plaintiffs to request leave to amend.  It is by no means certain that the allegations in Plaintiffs'

---

[7]Although Wells Fargo's motion is captioned as one for summary judgment, it is in actuality one for judgment on the pleadings, since it is not supported by evidence. Rather, only Plaintiffs' Complaint and its Answer have been cited therein. Although pleadings can constitute admissions, a party citing its answer in support of a request for summary judgment does not establish a fact asserted therein by admission or otherwise.

In addition, although it could be argued that this Court should sua sponte dismiss Wells Fargo, given that it has concluded that Plaintiffs' Complaint reveals that the claim set forth therein against that Defendant is, as a matter of law, barred by the statute of limitations and that, therefore, it was fraudulently joined. This Court declines to do so, since the Sixth Circuit did not indicate in Coyne that same would be the appropriate procedure.  Therefore, Wells Fargo must move to dismiss any claim set forth against it in the amended complaint, if Plaintiffs are given leave to file same and reassert their claim against that Defendant in that pleading.

amended complaint, if leave to file such a pleading is granted, will be the same as those in its current pleading, or that the Plaintiffs will include their claim against Wells Fargo or Count Two against Executive Risk, therein.[8]  Of course, Defendants may file whatever motions deemed necessary against Plaintiffs' amended complaint, should leave to file same be granted.

March 31, 2008

>    /s/ Walter Herbert Rice
>    WALTER HERBERT RICE, JUDGE
>    UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

[8]If Plaintiffs do not seek leave to amend, the Defendants should move to reinstate their motions.