IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| THE WAY INT'L, *et al.*, | : | |
| Plaintiffs, | : | Case No. 3:07cv294 |
| vs. | : | District Judge Walter H. Rice |
| EXECUTIVE RISK INDEMNITY, INC., *et al.*, | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| Defendants. | | |

# REPORT AND RECOMMENDATION

## I. INTRODUCTION

Pursuant to District Judge Walter H. Rice's Order of referral dated July 8, 2008, this matter is before the Court upon the reinstated (*see* Doc. #69) motion for summary judgment (Doc. #12)[1] of Defendants Wells Fargo Insurance Services of Ohio, LLC ["Wells Fargo"], Baldwin & Whitney Insurance Agency, Inc., Accordia of Ohio, LLC, and Accordia, Inc. [collectively, "the Wells Fargo Defendants"]; and upon Defendant Wells Fargo's motion to clarify (Doc. #71) a Decision and Entry of this Court. (*See* Doc. #69). Also before the Court are any memoranda responsive to those motions, and the record as a whole.

---

[1] The District Judge previously noted that such motion more properly should be termed "one for judgment on the pleadings, since it is not supported by evidence." (Doc. #37, p. 9, n.7). As the title ascribed to that document has no bearing on this recommended holding, however, we herein refer to that motion, in accordance with the terminology assigned by its drafters, as one for "summary judgment."

## II. PROCEDURAL BACKGROUND/THE PARTIES' CONTENTIONS

Plaintiffs' original complaint against a variety of corporate Defendants and individual John Doe Defendants was filed in the Court of Common Pleas of Montgomery County, Ohio, on July 3, 2007. (*See* Doc. #3). By notice dated August 8, 2007, the Chubb Defendants removed the matter to this Court, on the basis of diversity of citizenship jurisdiction. (*See* Docs. #1-2). On August 10, 2007, the Chubb Defendants moved to dismiss Count Two of Plaintiffs' complaint against them. (Doc. #7). The Wells Fargo Defendants followed on August 28, 2007, with a motion for summary judgment in their favor as to all of Plaintiffs' claims against them, urging that the applicable statute of limitations had lapsed. (Doc. #12).

Plaintiffs thereafter moved to remand this matter to state court, arguing that their own and the Wells Fargo Defendants' shared Ohio citizenship defeated federal diversity jurisdiction. (Docs. #16, 18). Defendants had anticipated that argument, however, in their notice of removal (*see* Doc. #1), and filed an opposing memorandum reiterating their position that Plaintiffs had "fraudulently joined" the Wells Fargo Defendants, despite the time-barred nature of the claims alleged against them, in an unsupportable effort to avoid federal jurisdiction. (*See* Doc. #22).

Also pending when the Court considered Plaintiffs' remand motion and Defendants' respective dispositive motions, however, was Plaintiffs' motion for leave to amend their complaint. (Doc. #26). Although Plaintiffs had not "tendered a copy of their proposed amended complaint with their motion," the District Judge nonetheless

authorized Plaintiffs to renew their motion for leave to amend within 20 days, with the proviso that "the proposed amended complaint must be attached." (*See* Doc. #37, pp. 8, 9). In light of the prospect of an amendment to the pleadings, the Court also denied without prejudice the Defendants' motions to dismiss and for summary judgment, subject to reinstatement in the event that Plaintiffs did not seek to amend. (*Id.*, pp. 9-10, n.8).

When Plaintiffs failed to file a new motion for leave to amend within 20 days after that Order, Defendants filed separate motions requesting that their prior motions to dismiss and for summary judgment be reinstated. (Docs. #40, 41). By notation Order, the Court granted the Chubb Defendants' motion to reinstate, and established a briefing schedule for their reinstated motion to dismiss. (Doc. #43). In the interim, Plaintiff tendered a proposed amended complaint. (*See* Doc. #42; *see also* Doc. #55).

The parties thereafter filed numerous discovery motions. (*See, e.g.*, Docs. 47, 48, 50, 53-55, 57, 59, 60, *etc.*). On July 2, 2008, following proper notice to the parties (*see* Doc. #65; Notation Order dated June 26, 2008), the undersigned held a hearing on all pending motions. (*See* Doc. #68). Because the Plaintiffs' latter motion for leave to file an amended complaint (Docs. #42, 55) both was untimely under the terms of the District Judge's prior Order (*see* Doc. #37, p. 9) and continued to suffer from the same infirmity as the original complaint regarding the untimeliness of the claims against the Wells Fargo Defendants (*compare* Doc. #3 *to* proposed Amended Complaint appended to Doc. #42), the Court denied Plaintiffs' renewed motion for leave to amend. (*See* Doc. #69). In light of that denial, the Court also granted the Wells Fargo Defendants' motion to reinstate

their prior motion for summary judgment.  (*Id.*).

The Wells Fargo Defendants then moved to clarify the Court's Order.  (Doc. 71). In essence, they urge that this Court's <u>oral</u> decision at the July 2, 2008 hearing actually "granted the[ir] motion for summary judgment on the grounds that the claims against Wells Fargo were barred by the statute of limitations[,] and dismissed Wells Fargo with prejudice," but that such dismissal is not reflected in the Court's written Order.  (*Id.*, p. 1).

## III.  APPLICABLE STANDARDS

The threshold issue presented by a motion for summary judgment is whether or not the case presents a proper jury question.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  A proper jury question exists where the record contains a genuine dispute as to any material fact.  *See Celotex*, 477 U.S. at 322; *see also Anderson*, 477 U.S. at 247.  If no genuine dispute exists as to any material fact, then the moving party is entitled to judgment as a matter of law and summary judgment is warranted.  *See* Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 247.

A defendant seeking summary judgment bears the initial burden of showing that the plaintiff has failed "to establish an essential element of his case upon which [the plaintiff] would bear the ultimate burden at trial."  *Celotex*, 477 U.S. at 322; *see Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403 (6th Cir. 1992).  If the defendant makes this showing, the plaintiff may not rely on the bare allegations of the complaint "or on the hope that the trier of fact will disbelieve [the defendant's] denial of a disputed fact . . ."

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  Instead, the plaintiff must "'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'"  *Id.* (quoting in part *Anderson*, 477 U.S. at 257); *see Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994); *see also Guarino,* 980 F.2d at 403.

Affirmative evidence is sufficient if, construing it in the plaintiff's favor, it would permit a reasonable jury to find in the plaintiff's favor.  *See Anderson*, 477 U.S. at 248; *see Guarino*, 980 F.2d at 403.  Affirmative evidence therefore must consist of "more than a scintilla of evidence" and accomplish more than creating "some metaphysical doubt" about a factual issue.  *See Street*, 886 F2d at 1479-80 (and cases cited therein).  If the plaintiff fails to present such affirmative evidence, there is no need for a trial since there are no "genuine factual issues that properly can be resolved only by a finder of fact . . ."  *Anderson*, 477 U.S. at 247-48; *see also Celotex*, 477 U.S. at 322-23; *Guarino*, 980 F.2d at 403.

## IV.  DISCUSSION

As alluded to numerous times, *supra*, the Wells Fargo Defendants' reinstated and now-ripe motion for summary judgment (Doc. #12) is premised on the four-year statute of limitations argued to apply to Plaintiffs' claims against them.  Those Defendants assert that the face of Plaintiffs' complaint reveals that Plaintiffs' cause of action against the Wells Fargo Defendants accrued more than four years before Plaintiffs filed their complaint, and that such action therefore is time barred.  (*See id.*).

In denying Plaintiffs' motion to remand in March of 2008, on the basis of the

Chubb Defendants' "fraudulent joinder" argument (*see* Doc. #22), the Court conducted a thorough analysis of the Wells Fargo Defendants' statute of limitations defense to Plaintiffs' claims. (*See* Doc. #37, pp. 6-8). The Court specifically noted that "[t]he parties are in agreement that the Plaintiffs' claim against Wells Fargo is governed by the four-year statute of limitations set forth in [Ohio Rev. Code] § 2305.09." (*Id.*, p. 6). The Court further found that Plaintiffs incurred the loss underlying their claims "no later tha[n] November 27, 2002," thereby triggering the limitations period as of that date. (*Id.*, p. 7) (citing *Kunz v. Buckeye Union Ins. Co.*, 1 Ohio St.3d 79, 31 (1982); *Kosa v. Frederick*, 136 Ohio App.3d 837, 839 (2000)). The Court then continued as follows:

> Since this litigation was filed on July 3, [2]007, more than four years after the dated alleged by Plaintiffs in their Complaint,[2] upon which they contend they suffered a substantial loss as a result of the denial of coverage,[3] the Court concludes that **Plaintiffs' Complaint demonstrates, as a matter of law, that their claim against Wells Fargo is barred** by the four-year statute of limitations contained in § 2305.09.

(Doc. #37, p. 8) (emphasis added). At that time, however, the Court did <u>not</u> hold that its conclusion to that effect also was dispositive of the Wells Fargo Defendants' pending motion for summary judgment, in light of the prospect that Plaintiffs might move to amend their complaint. (*See id.*, p. 9, n.7).

---

[2](*See* Doc. #3, ¶22) (averring that "Defendants denied a defense" to Plaintiffs "on November 27, 2002").

[3](*See* Doc. #3, ¶23) (averring that "subsequent to Defendants' denial of a defense . . . Plaintiffs [suffered] a substantial monetary loss . . . for all costs and legal fees associated with the entire defense").

Given Plaintiffs' failure in the intervening period to remedy the identified deficiency in their original complaint, it now appears that Plaintiffs not only have not stated, but also cannot state, a timely, viable claim against the Wells Fargo Defendants arising out of the facts alleged in their complaint. For that reason, the Court's prior finding that Plaintiffs' claim against the Wells Fargo Defendants is barred by the limitations period applicable under Ohio law (Doc. #37, p. 8) now can be determined to be binding for purposes of said Defendants' motion for summary judgment as well. Defendants therefore are entitled to judgment as a matter of law as to all claims asserted against them in Plaintiffs' complaint.

**IT THEREFORE IS RECOMMENDED THAT:**

1. the Motion for Summary Judgment of Defendants Baldwin & Whitney Insurance Agency, Inc., Accordia of Ohio, LLC, Accordia, Inc., and Wells Fargo Insurance Services of Ohio, LLC (Doc. #12) be GRANTED; that Plaintiffs' claims against said Defendants be DISMISSED with prejudice in their entirety; and that judgment as a matter of law be ENTERED in favor of said Defendants and against Plaintiffs; and

2. Defendant Wells Fargo Insurance Services of Ohio, LLC's' Motion for Clarification (Doc. #71) be DENIED as moot.


December 16, 2008                                          s/ Sharon L. Ovington
                                                                                Sharon L. Ovington
                                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).